| | |
|---|---|
| HOWARD RANDALL WOMACK | ) |
| Petitioner, | ) |
| | ) No. 6:10-CV-98-JMH |
| v. | ) |
| WARDEN JOSEPH MEKO, | ) **MEMORANDUM OPINION and ORDER** |
| Respondent. | ) |

\*\*   \*\*   \*\*   \*\*   \*\*

This matter is before the Court for consideration of the Recommended Disposition submitted by Magistrate Judge Hanly A. Ingram. [D.E. 11]. The Court will consider the matter *de novo* in light of Petitioner's objections thereto. [D.E. 12].

On April 5, 2010, pro se Petitioner Howard Randall Womack filed a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. [D.E. 1]. In accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, Judge Ingram completed an initial review of the Petition, determined that it was time-barred, and therefore ordered Petitioner to submit any information supporting equitable tolling of the statute of limitations, or to otherwise establish that the Petition was timely filed. [D.E. 3]. On April 19, 2010, Petitioner filed a response to the Court's Order. [D.E. 6]. Upon a thorough review of that response, Judge Ingram found that Petitioner failed to provide a sufficient basis in law or fact to toll the limitations period or

otherwise render the motion timely. [D.E. 11]. He recommended that Petitioner's § 2254 Petition be **DISMISSED** because it was untimely, and further that a that a certificate of appealability be **DENIED**.

Petitioner pled guilty to first-degree murder. [D.E. 1 at 1]. According to the Kentucky Court of Appeals, Petitioner was sentenced on July 17, 2003, to thirty-five years imprisonment in Bell Circuit Court. *Womack v. Commonwealth*, No. 2009-CA-79-MR, 2009 WL 4876928, at *1 (Ky. Ct. App. Dec. 18, 2009) (unpublished). On December 10, 2008, Petitioner filed a motion for post-conviction relief in Bell Circuit Court, pursuant to Kentucky Rule of Criminal Procedure 11.42, "requesting an evidentiary hearing claiming ineffective assistance of counsel." *Womack*, 2009 WL 4876928 at *1. Rule 11.42(10) requires such a motion to be filed within three years after the judgment becomes final, subject to two exceptions not applicable here. The Bell Circuit Court therefore denied Petitioner's motion as untimely, and the Kentucky Court of Appeals affirmed on December 18, 2009. *Womack*, 2009 WL 4876928 at *1.

On April 5, 2010, Petitioner filed a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. [D.E. 1]. As noted above, in accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, Judge Ingram completed an initial review of the Petition, and determined that it was time-barred, and then ordered Petitioner to submit any information supporting equitable tolling of the statute of

limitations, or otherwise establishing that the Petition was timely filed. [D.E. 3]. In his response, Petitioner appeared to acknowledge that the Petition is untimely, but argued that the Court should "treat this case as extraordinary. . ." and proceed to address the merits because Petitioner was mentally ill and mentally impaired, and did not know the statute of limitations. [D.E. 6]. Applying the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Judge Ingram recommends that the Court decline to do so.

**AEDPA's One-Year Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) subjects § 2254 petitions to a one-year limitation period. 28 U.S.C. § 2244(d). The statute provides that the limitation period shall begin to run from the date a petitioner's judgment becomes final, or from one of three other triggering events not applicable here. *See* 28 U.S.C. § 2244(d)(1)(A). A judgment of conviction becomes final for the purposes of § 2244(d)(1)(A) when either direct review concludes or the time for seeking such review expires. *See Linscott v. Rose*, 436 F.3d 587, 591 (6th Cir. 2006) ("A person in custody pursuant to the judgment of a state court must file his application for a writ of habeas corpus within one year of the date on which the judgment became final by either the conclusion of direct review or the expiration of the time for seeking such review."); Peyton v. Brigano, 256 F.3d 405 (6th Cir. 2001).

Kentucky does not allow for a direct appeal from a guilty plea. *See White v. Sowders*, 644 F.2d 1177, 1179 (6th Cir. 1980) (citing *Davis v. Commonwealth*, 471 S.W.2d 740 (Ky. 1971)); *see also Arnold v. Motley*, No. 06-P204-C, 2009 WL 3064879, at *6 (W.D. Ky. Sept. 22, 2009). Petitioner's conviction therefore became final on July 17, 2003, when the state trial court entered judgment and sentenced Petitioner. Accordingly, Petitioner had until July 17, 2004 to file his § 2254 Petition. *See* 28 U.S.C. § 2244(d)(1)(A); *see also Vroman v. Brigano*, 346 F.3d 598, 601-02 (6th Cir. 2003) (in the absence of any tolling, where conviction became final on March 18, 1997, the petitioner had until March 18, 1998 to file a federal habeas petition).

Although Petitioner had until July 17, 2004, to file his § 2254 Petition, he did not do so until April 5, 2010. (D.E. 1). The Petition is therefore untimely unless Petitioner is either entitled to statutory tolling under 28 U.S.C. § 2244(d)(2), or entitled to equitable tolling. Petitioner is not entitled to statutory tolling of the limitations period. Section 2244(d)(2) states that "[t]he time during which a properly filed application for state post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection." In this case, Petitioner waited more than five years before filing his Rule 11.42 motion, finally doing so on December 10, 2008. *Womack*, 2009 WL 4876928 at *1. Thus, Petitioner's

4

one-year AEDPA statute of limitations had expired long before he filed his December 2008 motion seeking post-conviction relief. The untimely filing of Petitioner's state post-conviction motion did not start anew the one-year AEDPA statute of limitations. *Vroman*, 346 F.3d at 602 ("The tolling provision does not, however, 'revive' the limitations period (i.e. restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.") (quoting *Rashid v. Khulmann*, 991 F.Supp. 254, 259 (S.D.N.Y. 1998)); *see also Brockman v. Haney*, No. 10-44-DLB-CJS, 2010 WL 3491215, at *2 (E.D. Ky. June 10, 2010). Petitioner is therefore not entitled to statutory tolling pursuant to 28 U.S.C. § 2244(d)(2).

Because Petitioner is not entitled to statutory tolling under § 2244(d)(2), the Court must recommend that the Petition be dismissed unless the doctrine of equitable tolling applies. The doctrine of equitable tolling is to be applied "sparingly," and the burden is on Petitioner to prove its applicability. *See Vroman*, 346 F.3d at 604. In evaluating whether to toll the limitation period, the Supreme Court has remarked that "[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citing *Irwin v.*

5

*Department of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

To this end, the Sixth Circuit considers the following five factors: 1) the petitioner's lack of notice of the filing requirement; 2) the petitioner's lack of constructive knowledge of the filing requirement; 3) diligence; 4) absence of prejudice to the respondent; and 5) the petitioner's reasonableness in remaining ignorant of the legal requirement to file the claim. *See Allen v. Yukins*, 366 F.3d at 401. Those factors are not necessarily comprehensive, nor is each factor relevant in every case. *See Vroman*, 346 F.3d at 605 (citing *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002)). The Sixth Circuit has also emphasized that "[a]bsence of prejudice is a factor to be considered only after a factor that might justify tolling is identified." *Allen v. Yukins*, 366 F.3d at 401. In short, the bar to equitable tolling is a high one. Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Jurado v. Burt*, 337 F.3d 638, 643 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brookes Museum of Art, Inc*., 209 F.3d 552, 560 (6th Cir. 2000)).

Liberally construing Petitioner's response [D.E. 6] to the Court's Show Cause Order, he argues that equitable tolling should apply because he lacked notice of the applicable deadline for filing a § 2254 petition, and because he is mentally ill or mentally disabled. Regarding his ignorance of the applicable deadline, Petitioner states that upon entering prison he "had no

6

understanding of what to do or where to go for help[,]" that he has a first grade education, and an I.Q. of 68. [Id. at 2]. He also notes that "[l]egal aides do not roam around in prison following other prisoners entertaining them with post-conviction matters and remedies. No one is table talking about the what-nots of legal remedies." [D.E. 6 at 3]. This apparent lack of legal assistance was exacerbated, Petitioner argues, because his attorney had previously instructed him "to not discuss, talk with, share or speak of his case within anyone . . ." and he therefore "failed to abide by the state and federal practices in place for post-conviction matters." (Id.). Even if the Court accepted Petitioner's claim of ignorance as true, the Sixth Circuit has "repeatedly held that 'ignorance of the law alone is not sufficient to warrant equitable tolling.'" *Allen v. Yukins*, 366 F.3d 396, 403 (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)). Nor is a petitioner's "unfamiliarity with the legal process [or] his lack of education" a basis for equitable tolling. *See Harvey v. Jones*, 179 F.App'x 294, 299 (6th Cir. 2006). Furthermore, the Court is not convinced that reticence is an "extraordinary circumstance" which should trigger equitable tolling. *See Pace*, 544 U.S. at 418.

Of greater concern to the Court is Petitioner's apparent claim that equitable tolling should apply because he is "medically documented as mentally ill, mentally disabled and . . . [has] been

7

directed to take medications that alters [sic] his state of mind."
[*Id.* at 1]. He also claims that his rights "have been disregarded deliberately simply because he is mentally ill and impaired." [*Id.* at 4].

The "traditional rule [is] that mental illness tolls the statute of limitations if the illness in fact prevents the sufferer from managing his affairs and thus from understanding his legal rights and then acting upon them." *Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996) (citations omitted). Thus, "[mental illness] tolls a statute of limitations only if it actually prevents the sufferer from pursuing his legal rights during the limitations period." *Price v. Lewis*, 119 F. App'x 725, 726 (6th Cir. 2005) (citing *Miller*, 77 F.3d at 191). As one court has held, "[t]he exceptional circumstances that would justify equitable tolling on the basis of mental incapacity are not present when the party who seeks the tolling has been able to pursue his or her legal claims during the period of his or her alleged mental incapacity." *Brown v. McKee*, 232 F.Supp.2d 761, 768 (E.D. Mich. 2002); *see also Herbst v. Cook*, 260 F.3d 1039, 1044 (9th Cir. 2001) ("We will permit equitable tolling of AEDPA's limitations period only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time.") (internal markings and citation omitted).

Petitioner does not offer any evidence of mental impairment,

past or present which would made it impossible to file a petition on time. To the contrary, the Petition [D.E. 1] and response [D.E. 6] to the Show Cause Order reveal Petitioner to be capable of ordering his thoughts and of articulately expressing himself, even displaying a dry wit. [See D.E. 6] ("Legal aides do not roam around in prison following other prisoners entertaining them with post-conviction matters and remedies."). Although those filings are likely more reflective of his *present* ability to pursue his legal claims, Petitioner fails to present evidence that mental illness or incompetency prevented Petitioner "from pursuing his legal rights during the limitations period." Price, 119 F. App'x at 726. Petitioner offers no evidence, such as prior adjudications of incompetency or affidavits by prison officials, to prove mental illness or incapacity during the relevant limitations period of July 17, 2003, through July 17, 2004. In his objections to Judge Ingram's Recommended Disposition of his Petition, Petitioner submits a partial report of his mental competency/criminal responsibility. [D.E. 11, Exhibit]. Nothing in that report demonstrates that Petitioner was so mentally impaired that it was impossible for him to pursue his legal remedies. The record indicates only that Petitioner failed to diligently pursue his rights until December 2008.

Having considered the relevant factors, the Court finds that Judge Ingram correctly determined that Petitioner failed to show

9

why equitable tolling should apply in this case. Because the Petition was not timely filed, and because there is no basis for tolling the one-year AEDPA statute of limitations, Petitioner's § 2254 Petition shall be dismissed.

### Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to the applicant. A COA may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). In cases where a district court has rejected constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists would not debate the denial of this § 2254 Petition, or conclude that the issues presented are

adequate to deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). No certificate of appealability shall issue.

Accordingly,

**IT IS ORDERED** that the Petition for a writ of habeas corpus pursuant to § 2254 be dismissed and that no certificate of appealability issue.

This the 8th day of June, 2011.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge